**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 03-7519**

───────────────

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

DAMON EMANUEL ELLIOTT,

                                        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Peter J. Messitte, District Judge.  (CR-
97-53-PJM)

───────────────

Submitted:  December 18, 2003          Decided:  February 3, 2004

───────────────

Before LUTTIG, SHEDD, and DUNCAN, Circuit Judges.

───────────────

Dismissed by unpublished per curiam opinion.

───────────────

Damon Emanuel Elliott, Appellant Pro Se.  Daphene Rose McFerren,
OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for
Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Damon Emanuel Elliott was convicted of attempted aggravated sexual abuse and was sentenced to 189 months' imprisonment by judgment entered on December 1, 1997. This court affirmed the district court's judgment. See United States v. Elliott, No. 97-4756, 1998 WL 462801 (4th Cir. Aug. 5, 1998) (unpublished). Seeking a second direct criminal appeal pursuant to 18 U.S.C. § 3742 (2000), Elliott filed a notice of appeal on September 11, 2003. We lack jurisdiction to consider the merits of the appeal, however, because it is untimely. Criminal defendants have ten days from the entry of the judgment or order at issue to file a notice of appeal. See Fed. R. App. P. 4(b). The appeal periods established by Rule 4 are mandatory and jurisdictional. Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978). Because Elliott filed his notice of appeal over five years outside the appeal period, we lack jurisdiction to consider the merits of the appeal.

To the extent that Elliott seeks to appeal the district court's April 6, 2000, denial of his 28 U.S.C. § 2255 (2000) motion, we deny a certificate of appealability and dismiss the appeal for lack of jurisdiction because Elliott's notice of appeal is also untimely as to that order. Parties are accorded sixty days after entry of the district court's final judgment or order to note an appeal, Fed. R. App. 4(a)(1), unless the district court extends

the appeal period under Fed. R. App. 4(a)(5) or reopens the appeal period under Fed. R. App. 4(a)(6). Furthermore, this court has previously reviewed that order on appeal, denied a certificate of appealability, and dismissed the appeal. <u>See</u> <u>United States v. Elliott</u>, No. 00-6660, 2000 WL 1124559 (4th Cir. Aug. 9, 2000) (unpublished).

We dismiss this appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>